UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES SHARKEY,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Case No. 2:20-cv-00398-RFB-NJK<br><br>**ORDER** |

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former state prisoner. On February 27, 2020, Magistrate Judge Koppe issued an order denying the application to proceed *in forma pauperis* for prisoners as moot because Plaintiff James Sharkey was no longer incarcerated. (ECF No. 3 at 1) Judge Koppe ordered Plaintiff Sharkey to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400 on or before March 30, 2020. (*Id.*) The March 30, 2020 deadline has now expired, and Plaintiff Sharkey has not filed an application to proceed *in forma pauperis* for non-prisoners, paid the full $400 filing fee, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Koppe's order requiring Plaintiff Sharkey to file an application to proceed *in forma pauperis* for non-prisoners or pay the full $400 filing fee on or before March 30, 2020 expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." (ECF No. 3 at 1). Thus, Plaintiff Sharkey had adequate warning that a dismissal would result from his noncompliance with Judge Koppe's order to file an application to proceed *in forma pauperis* for non-prisoners or pay the full $400 filing fee on or before March 30, 2020.

1    Plaintiff Sharkey is further advised that he does not give up the right to refile his case with
2    the Court, under a new case number, if he wishes to submit an application to proceed *in
3    forma pauperis* for non-prisoners with his new case filing.

4    IT IS THEREFORE ORDERED that this action is dismissed <u>without prejudice</u>
5    based on Plaintiff Sharkey's failure to file an application to proceed *in forma pauperis* for
6    non-prisoners or pay the full $400 filing fee in compliance with Judge Koppe's February
7    27, 2020 order.

8    IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment
9    accordingly.

10   IT IS FURTHER ORDERED that the Clerk of the Court will send Plaintiff a courtesy
11   copy of the approved form application to proceed *in forma pauperis* by a <u>non-prisoner</u>, as
12   well as the document entitled information and instructions for filing an *in forma pauperis*
13   application, in the event Plaintiff Sharkey wishes to refile his case with the Court, under a
14   new case number.

15   DATED: April 8, 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE